IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

**BRUCE DOUGLAS BROWN,**

    Plaintiff,

v.

**VIRGINIA FARM BUREAU MUTUAL INSURANCE COMPANY,**

Serve:
    Laurie Gannon,
    Registered Agent
    12580 West Creek Pkwy
    Richmond, VA 23238-0000

and

**VIRGINIA FARM BUREAU INSURANCE AGENCY, INC.,**

Serve:
    Marc Follmer
    Registered Agent
    12580 West Creek Pkwy
    Richmond, VA 23238-0000

**Defendants.**

Case No: 7:21cv00278

**JURY TRIAL DEMAND**

## COMPLAINT

COMES NOW, Bruce Douglas Brown ("Mr. Brown" or "Plaintiff"), by counsel, and states as his Complaint against Defendants Virginia Farm Bureau Mutual Insurance Company and Virginia Farm Bureau Insurance Agency, Inc. (hereinafter, collectively, "Farm Bureau" or "Defendants"), the following:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter as it arises from the federal questions presented by the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 through 634 ("ADEA").

2. Venue is appropriate as the acts and/or omissions of Defendants from which the causes of action arise occurred within the Western District of Virginia. *See* 28 U.S.C. § 1391(b)(2).

3. Due to their contacts within the Commonwealth of Virginia, Defendants avail themselves to the jurisdiction of this Court.

4. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") in or about March of 2020. Plaintiff received a Dismissal and Notice of Rights from the EEOC dated February 10, 2021. Attached as **Exhibit A**. Plaintiff files suit within ninety (90) days of receipt of that Dismissal and Notice of Rights.

## II. THE PARTIES

5. Mr. Brown is a citizen of the United States and a resident of the Commonwealth of Virginia. Mr. Brown was born in August of 1961 and is currently 59 years of age.[1]

6. Virginia Farm Bureau Mutual Insurance Company is a corporation organized under the laws of the Commonwealth of Virginia and doing business in the Commonwealth of Virginia.

---

[1] Mr. Brown's exact date of birth is not included due to privacy concerns, and due to filing requirements as per the United States District Court Western District of Virginia Local Rules.

7. Virginia Farm Bureau Insurance Agency, Inc. is a corporation organized under the laws of the Commonwealth of Virginia and doing business in the Commonwealth of Virginia.

8. At all times material hereto, Virginia Farm Bureau Mutual Insurance Company employed more than 20 persons and is a "person" and an "employer" and is engaged in an industry affecting commerce within the meaning of the ADEA. 29 U.S.C. § 630.

9. At all times material hereto, Virginia Farm Bureau Insurance Agency, Inc. employed more than 20 persons and is a "person" and an "employer" and is engaged in an industry affecting commerce within the meaning of the ADEA. 29 U.S.C. § 630.

10. Upon information and belief, Virginia Farm Bureau Mutual Insurance Company and Virginia Farm Bureau Insurance Agency, Inc., at the times relevant, were joint employers, integrated employers, and/or apparent agents with respect to Mr. Brown.

### III. FACTUAL ALLEGATIONS

11. Bruce Brown began working for Farm Bureau on or about October 1, 1982 — over 37 years ago.

12. During his career with Farm Bureau, Mr. Brown rose through the ranks from the position of Advisor to the position of Agency Manager.

13. As Agency Manager, Mr. Brown was responsible for supervising 9 offices in Virginia, from Franklin County, Virginia, to Appomattox, Virginia.

14. Mr. Brown was notified in or about July of 2019 that he was going to be terminated from employment, which ultimately took place and was effective on December 31, 2020.

15. During the meeting in which Mr. Brown was notified his employment was being terminated, Ray Leonard, Director of Sales, stated to Mr. Brown, "Bruce, at this point in your career, you don't want to learn how to quote all the insurance that we have, do you?" — a thinly veiled discriminatory statement relating to Mr. Brown's age.

16. Mr. Brown responded to Director Leonard, "You don't know me very well, I will do anything to keep my job, and will do anything to make money."

17. Present for the above statements by Director Leonard and Mr. Brown were Diane Hudobenko, Sr. Vice President of Human Resources (via phone), Gerald Gardner, Director (present in person), and Ron Shelton, Regional Manager (present in person).

18. There was no legitimate, lawful reason to terminate Mr. Brown's employment.

19. Throughout his employment, Mr. Brown was an extremely loyal and productive employee.

20. At the time Mr. Brown was notified of his termination from Farm Bureau, in or about July of 2019, Mr. Brown was number one in the company.

21. Mr. Brown's work performance was always excellent and consistently met or exceeded Farm Bureau's expectations.

22. When Mr. Brown was notified by Farm Bureau of their intent to end his employment, and continuing thereafter during the remainder of his employment, Mr. Brown complained that he was being discriminated against on the basis of his age.

23. By way of example, on Mr. Brown's 2019 Performance Appraisal, Mr. Brown wrote that he would give Farm Bureau 150% in year 2020 even though he was hurt that he was being let go due to his age, or words to that effect.

24. Regional Manager Shelton called Mr. Brown on three separate occasions and directed Mr. Brown to remove the statement from his Performance Appraisal.

25. Similarly, Director Leonard also called Mr. Brown and advised Mr. Brown that he (Mr. Brown) did not need to "put that" (the age-related comments) in his Performance Appraisal.

26. Upon information and belief, Mr. Brown's age discrimination complaints were never adequately investigated by Farm Bureau.

27. Moreover, Farm Bureau carried through with its intent to terminate Mr. Brown's employment, and Mr. Brown was in fact terminated from employment effective December 31, 2020, after Mr. Brown made age discrimination complaints.

28. Mr. Brown was forced by supervisory employees to tell Farm Bureau employees that he had "retired."

29. Mr. Brown had no intent of retiring from Farm Bureau any time soon; he was in fact unwillingly terminated from employment.

30. Until approximately five years ago, managers did not sell insurance.

31. In the past five years, as employees who sold insurance for Farm Bureau have retired, the retiring employee's book of business has transferred to a manager such that managers are also now selling insurance.

32. In July of 2019, Mr. Brown was the last manager who was not selling insurance himself.

33. Four of Mr. Brown's subordinate employees left and/or retired in the few years preceding his termination from employment, all vacating books of business, and all who have been replaced by younger employees rather than Mr. Brown taking over their book of business (Kandy Shackleford (left approximately 5 years ago); Theresa

Zimmerman (left approximately 4 years ago); Robin Gloss (left approximately 2 years ago); and, David Plunkett (left approximately 2 years ago)).

34. At no point did Farm Bureau ask Mr. Brown to take on any of these books of business, despite Mr. Brown making it clear that he was willing to do so, and despite Mr. Brown making it clear that Mr. Brown intended to retire from Farm Bureau much later in the future.

35. Moreover, approximately a month after Mr. Brown was notified that his employment was being terminated, Mr. Brown advised Director Gardner and Regional Manager Shelton that he could take over a book of business for an individual in Henry County that had indicated he intended to retire in 2021. Farm Bureau refused Mr. Brown's offer.

36. Moreover, Sr. VP of HR Hudobenko called other Managers and stated, "do you think it is fair that Bruce doesn't have to sell, don't y'all get upset about that?", or words to that effect, even though Sr. VP of HR Hudobenko was aware that Mr. Brown was more than willing, and in fact had requested, to sell insurance.

37. Mr. Brown has been replaced and his job duties taken over by substantially younger individuals at Farm Bureau.

38. In fact, Farm Bureau has recently engaged in a pattern and practice of discriminating against older workers in violation of the ADEA and has a recent, clear company trend of hiring younger employees. Indeed, statistical evidence will illustrate that Farm Bureau has engaged in a company-wide policy in 2018 and 2019 of hiring employees younger than the age of 40, illustrating a pattern and practice of discriminating against older workers in violation of the ADEA.

39. Farm Bureau unlawfully terminated Mr. Brown's employment because of his age and/or his complaints concerning age discrimination in violation of the ADEA.

### COUNT I:  CLAIM FOR DISCRIMINATION IN VIOLATION OF THE ADEA

40. Plaintiff incorporates by reference herein the preceding paragraphs of this Complaint.

41. At the time of his termination from employment, Plaintiff was 59 years of age and protected from age discrimination by the ADEA.

42. Defendants would not have terminated Plaintiff's employment but for Plaintiff's age.

43. Any reasons cited by Defendants for Plaintiff's termination from employment were pretextual, as Plaintiff's work performance was meeting Defendants' legitimate business expectations.

44. Upon information and belief, Defendants have engaged in a systematic and unlawful effort to hire and retain younger employees, resulting in a pattern and practice of unlawfully discriminating against and terminating older employees, in violation of the ADEA.

45. Upon information and belief, after Plaintiff's termination, his job duties were taken over by individuals who were substantially younger than Plaintiff.

46. As a direct and proximate result of Defendants' actions, Plaintiff has suffered and will continue to suffer pecuniary loss.

47. At all times material hereto, Defendants engaged in a discriminatory practice or practices with malice or reckless indifference to the federally protected rights of Plaintiff so as to support an award of liquidated damages.

48. The above-described acts by Defendants and employees of Defendants constitute age discrimination in violation of the Age Discrimination in Employment Act, as codified under Title 29 U.S.C. §§ 621 through 634.

**COUNT II:  CLAIM FOR RETALIATION IN VIOLATION OF THE ADEA**

49. Plaintiff incorporates by reference herein the preceding paragraphs of this Complaint.

50. Prior to Plaintiff's termination from employment, Plaintiff engaged in the protected act of making complaints concerning age discrimination.

51. Defendants would not have terminated Plaintiff or taken the other retaliatory actions against him, but for Plaintiff's age discrimination complaints.

52. Any reasons cited by Defendants for Plaintiff's termination from employment were pretextual as Plaintiff's work performance was meeting legitimate business expectations.

53. As a direct and proximate result of Defendants' actions, Plaintiff has suffered and will continue to suffer pecuniary loss.

54. At all times material hereto, Defendants engaged in retaliatory practices with malice or reckless indifference to the federally protected rights of Plaintiff so as to support an award of liquidated damages.

55. The above-described acts by Defendants and employees of Defendants constitute retaliation in violation of the Age Discrimination in Employment Act, as codified under Title 29 U.S.C. §§ 621 through 634 ("ADEA").

WHEREFORE, Plaintiff Bruce Douglas Brown prays for judgment against Defendants Virginia Farm Bureau Mutual Insurance Company and Virginia Farm Bureau Insurance Agency, Inc., jointly and severally, and for lost wages and benefits, liquidated

damages, together with prejudgment interest from the date of Mr. Brown's termination from employment, and for costs and attorneys' fees, and for such other and further relief as may be just and equitable.

TRIAL BY JURY ON ALL CLAIMS, INCLUDING WHETHER THE CLAIMS ARE SUBJECT TO ARBITRATION, IS DEMANDED.

Respectfully Submitted,

**BRUCE DOUGLAS BROWN**

/s/ Brittany M. Haddox
Thomas E. Strelka, Esq. (VSB# 75488)
L. Leigh R. Strelka, Esq. (VSB # 73355)
N. Winston West, IV, Esq. (VSB # 92598)
Brittany M. Haddox, Esq. (VSB # 86416)
Monica L. Mroz, Esq. (VSB #65766)
STRELKA EMPLOYMENT LAW
Warehouse Row
119 Norfolk Avenue, S.W., Suite 330
Roanoke, VA  24011
Tel:  540-283-0802
thomas@strelkalaw.com
leigh@strelkalaw.com
winston@strelkalaw.com
brittany@strelkalaw.com
monica@strelkalaw.com

*Counsel for Plaintiff*