IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| BRUCE DOUGLAS BROWN, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   Case No. 7:21cv00278 |
| | ) |
| VIRGINIA FARM BUREAU MUTUAL INSURANCE COMPANY, | ) |
| | ) |
| and | ) |
| | ) |
| VIRGINIA FARM BUREAU INSURANCE AGENCY, INC., | ) |
| | ) |
|    Defendants. | ) |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT**

The defendants, Virginia Farm Bureau Mutual Insurance Company ("VFBMIC") and Virginia Farm Bureau Insurance Agency, Inc. ("VFBIA") (jointly referred to as the "Defendants"), by counsel, and in accordance with Federal Rule of Civil Procedure 18(c), state the following for their Answer to Plaintiff Bruce Douglas Brown's ("Plaintiff") Complaint.

### I.    JURISDICTION AND VENUE

1. The allegations in Paragraph 1 of the Complaint state a legal conclusion to which no response is required.  To the extent a response is required, the allegations in Paragraph 1 are denied except that Defendants admit that this Court has jurisdiction over these claims.

2. The allegations in Paragraph 2 of the Complaint state a legal conclusion to which no response is required.  To the extent a response is required, the allegations in Paragraph 2 are denied except that Defendants admit that venue is proper in this District.

3. The allegations in Paragraph 3 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, the allegations in Paragraph 3 are denied except that Defendants admit that this Court has jurisdiction over these claims and that venue is proper in this District.

4. The documents referenced in Paragraph 4 of the Complaint speak for themselves and, therefore, Defendants deny any allegation which is contrary or inconsistent with those documents. The remaining allegations in Paragraph 4 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendants admit that the Complaint was filed within ninety (90) days of the "Notice of Right to Sue," dated February 10, 2021, and attached to the Complaint.

## II.    THE PARTIES

5. VFBIA was not the Plaintiff's employer and is improperly named in this lawsuit. Accordingly, unless otherwise admitted herein, VFBIA denies every allegation in the Complaint.

6. VFBMIC admits the allegations in Paragraph 5 of the Complaint.

7. VFBMIC admits the allegations in Paragraph 6 of the Complaint.

8. VFBMIC admits the allegations in Paragraph 7 of the Complaint.

9. VFBMIC is unable to admit or deny the allegations in Paragraph 8 of the Complaint because it is unclear as to what is meant by "[a]t all times material hereto[.]" Accordingly, the allegations in Paragraph 8 are denied except that VFBMIC currently employs more than 20 persons and is a "person" and an "employer" and is engaged in an industry affecting commerce within the meaning of the ADEA. 29 U.S.C. § 630.

10. The Defendants are unable to admit or deny the allegations in Paragraph 9 of the Complaint because it is unclear as to what is meant by "[a]t all times material hereto[.]" Further,

VFBIA has no employees. Accordingly, the Defendants deny the allegations in Paragraph 9 of the Complaint.

11. The allegations in Paragraph 10 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, VFBMIC is unable to admit or deny the allegations in Paragraph 10 of the Complaint because it is unclear what is meant by "at the times relevant[.]" Accordingly, the allegations in Paragraph 10 are denied.

### III.   FACTUAL ALLEGATIONS

12. VFBMIC admits the allegations in Paragraph 11 of the Complaint.

13. VFBMIC admits that Plaintiff held the titles of Advisor and Agency Manager. VFBMIC is unable to admit or deny the remaining allegations in Paragraph 12 of the Complaint because it is unclear what is meant by "rose through the ranks[.]" Accordingly, the allegations in Paragraph 12 not expressly admitted herein are denied.

14. In response to the allegations in Paragraph 13 of the Complaint, VFBMIC admits that in the latter years of his employment, Plaintiff was the Agency Manager for 9 offices. All remaining allegations in Paragraph 13 are denied.

15. VFBMIC denies that Plaintiff was terminated from employment. VFBMIC admits that Plaintiff's last day of employment was December 31, 2020. VFBMIC denies any remaining allegations in Paragraph 14 of the Complaint.

16. In response to the allegations in Paragraph 15 of the Complaint, VFBMIC denies that Plaintiff's employment was terminated. VFBMIC admits that Ray Leonard is the Vice President of Sales. All remaining allegations in Paragraph 15 of the Complaint are denied.

17. The allegations in Paragraph 16 of the Complaint are denied.

18. In response to the allegations in Paragraph 17 of the Complaint, VFBMIC admits there was a meeting with the employees identified in Paragraph 17 of the Complaint. However, Ray Leonard is Vice President of Sales and Gerald Gardner is Director of Sales. All remaining allegations in Paragraph 17 of the Complaint, to the extent not otherwise responded to, are denied.

19. In response to the allegations in Paragraph 18 of the Complaint, VFBMIC denies that the Plaintiff's employment was terminated. All remaining allegations in Paragraph 18 of the Complaint are denied.

20. In response to the allegations in Paragraph 19 of the Complaint, VFBMIC admits that the Plaintiff was productive in his sales capacity. VFBMIC states further it does not know what Plaintiff means with regards to the allegation of being a "loyal employee." Accordingly, all remaining allegations in Paragraph 19 of the Complaint are denied.

21. VFBMIC denies the allegations in Paragraph 20 of the Complaint.

22. VFBMIC denies the allegations in Paragraph 21 of the Complaint.

23. In response to the allegations in Paragraph 22 of the Complaint, the Plaintiff's employment was not terminated. All remaining allegations in Paragraph 22 of the Complaint are denied.

24. The documents referenced in Paragraph 23 of the Complaint speak for themselves and, therefore, VFBMIC denies any allegation which is contrary or inconsistent with those documents. All remaining allegations in Paragraph 23 of the Complaint are denied.

25. VFBMIC denies the allegations in Paragraph 24 of the Complaint.

26. In response to the allegations in Paragraph 25 of the Complaint, VFBMIC admits that Mr. Leonard had a phone conversation with the Plaintiff regarding the Plaintiff's comments

made in the performance review. All remaining allegations in Paragraph 25 of the Complaint are denied.

27. The allegations in Paragraph 26 of the Complaint are compound and inaccurately assume certain facts. Accordingly, the allegations in Paragraph 26 of the Complaint are denied.

28. In response to the allegations in Paragraph 27 of the Complaint, VFBMIC admits that Plaintiff's last day of employment was December 31, 2020. All remaining allegations in Paragraph 27 of the Complaint are denied.

29. In response to the allegations in Paragraph 28 of the Complaint, VFBMIC admits that the Plaintiff retired from his employment. All remaining allegations in Paragraph 28 of the Complaint are denied.

30. In response to the allegations in Paragraph 29 of the Complaint, VFBMIC lacks sufficient information or knowledge as to the Plaintiff's intent and therefore, deny the same. All remaining allegations in Paragraph 29 of the Complaint are denied.

31. VFBMIC denies the allegations in Paragraph 30 of the Complaint.

32. VFBMIC is unable to admit or deny the allegations in Paragraph 31 of the Complaint because it is unclear and ambiguous as to what is being alleged. Accordingly, the allegations in Paragraph 31 are denied.

33. In response to the allegations in Paragraph 32 of the Complaint, VFBMIC admits that the Plaintiff was the last traditional Agency Manager since January 2017. All remaining allegations in Paragraph 32 of the Complaint are denied.

34. In response to the allegations in Paragraph 33 of the Complaint, Plaintiff's employment was not terminated. VFBMIC admits that the four individuals identified in Paragraph

33 of the Complaint did leave and/or retire from their employment. All remaining allegations in Paragraph 33 of the Complaint are denied.

35. In response to the allegations in Paragraph 34 of the Complaint, VFBMIC admits that they did not request Plaintiff to take on the books of business referenced. All remaining allegations in Paragraph 34 of the Complaint are denied.

36. In response to the allegations in Paragraph 35 of the Complaint, the Plaintiff was not terminated. VFBMIC admits that the Plaintiff indicated he could take over a book of business for an individual in Henry County. All remaining allegations in Paragraph 35 of the Complaint are denied.

37. VFBMIC denies the allegations in Paragraph 36 of the Complaint.

38. VFBMIC denies the allegations in Paragraph 37 of the Complaint.

39. The allegations in Paragraph 38 of the Complaint state a legal conclusion to which no response is required. Furthermore, VFBMIC denies that Plaintiff is a member of any similarly situated group of employees or a member of a class and, therefore, the allegations in Paragraph 38 and any other allegations in the Complaint regarding class membership or a "pattern and practice of" discrimination by VFBMIC are denied.

40. VFBMIC denies the allegations in Paragraph 39 of the Complaint.

## COUNT I: CLAIM FOR DISCRIMINATION IN VIOLATION OF THE ADEA

41. In response to Paragraph 40 of the Complaint, VFBMIC incorporates its responses to the allegations contained in Paragraph 1-39 of the Complaint as set forth herein.

42. In response to the allegations in Paragraph 41 of the Complaint, VFBMIC denies that the Plaintiff's employment was terminated. VFBMIC admits that Plaintiff was 59 years of age when his employment relationship with VFBMIC concluded. The remaining allegations in

Paragraph 41 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, VFBMIC admits that the allegations, in general, correctly state the law.

43. VFBMIC denies the allegations in Paragraph 42 of the Complaint.

44. VFBMIC denies the allegations in Paragraph 43 of the Complaint.

45. VFBMIC denies the allegations in Paragraph 44 of the Complaint.

46. VFBMIC denies the allegations in Paragraph 45 of the Complaint.

47. VFBMIC denies the allegations in Paragraph 46 of the Complaint and deny that Plaintiff was damaged and demand strict proof thereof.

48. The allegations in Paragraph 47 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, VFBMIC denies the allegations in Paragraph 47 of the Complaint.

49. The allegations in Paragraph 48 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, VFBMIC denies the allegations in Paragraph 48 of the Complaint.

### COUNT II: CLAIM FOR RETALIATION IN VIOLATION OF THE ADEA

50. In response to Paragraph 49 of the Complaint, VFBMIC incorporates its responses to the allegations contained in Paragraph 1-48 of the Complaint as set forth herein.

51. VFBMIC denies the allegations in Paragraph 50 of the Complaint.

52. VFBMIC denies the allegations in Paragraph 51 of the Complaint.

53. VFBMIC denies the allegations in Paragraph 52 of the Complaint.

54. VFBMIC denies the allegations in Paragraph 53 of the Complaint and deny that Plaintiff was damaged and demand strict proof thereof.

55. The allegations in Paragraph 54 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, VFBMIC denies the allegations in Paragraph 54 of the Complaint.

56. The allegations in Paragraph 55 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, VFBMIC denies the allegations in Paragraph 55 of the Complaint.

57. VFBMIC denies that Plaintiff is entitled to the damages and relief sought in the section following the word "WHEREFORE" after Paragraph 55 of the Complaint.

58. All allegations not expressly admitted herein are hereby denied.

## AFFIRMATIVE DEFENSES

59. As set forth above, Virginia Farm Bureau Insurance Agency, Inc. is not a proper defendant and was not the Plaintiff's employer.

60. Defendants deny that they discriminated against the Plaintiff on the basis of age or any category whatsoever.

61. Plaintiff's claims are barred because all decisions made with respect to Plaintiff's employment were made for legitimate, non-discriminatory and non-pretextual reasons.

62. Plaintiff has failed to state a claim upon which relief can be granted.

63. Defendants reserve the right to assert that any alleged damages be reduced to the extent that Plaintiff failed to mitigate his damages.

64. Plaintiff's claims are barred, in whole or in part, based on the doctrine of unclean hands.

65. Without admitting any violation of the ADEA occurred, Defendants state that their actions were undertaken in good faith and Defendants had reasonable grounds for believing that

their actions were not in violation of the ADEA, and no liquidated or other damages should be awarded.

66. Without admitting that any violation of the ADEA occurred, Plaintiff is not entitled to any alleged damages, and the Complaint fails to state a claim upon which relief can be granted to the extent Plaintiff seeks to pursue purported claims on behalf of others who are not similarly situated.

67. Defendants will rely upon all defenses available to them and additional ones that may be developed during discovery and trial preparation and supported by the evidence.

WHEREFORE, Defendants pray that judgment be entered in their favor and for their costs and fees, and any other relief to which they may be entitled.

Respectfully submitted,

VIRGINIA FARM BUREAU MUTUAL INSURANCE COMPANY, and VIRGINIA FARM BUREAU INSURANCE AGENCY, INC.

/s/ *Paul G. Klockenbrink*
Paul G. Klockenbrink (VSB No. 33032)
Ryan J. Starks (VSB No. 93068)
GENTRY LOCKE
10 Franklin Road S.E., Suite 900
P.O. Box 40013
Roanoke, Virginia 24022-0013
(540) 983-9300
FAX: (540) 983-9400
klockenbrink@gentrylocke.com
starks@gentrylocke.com

*Counsel for Virginia Farm Bureau Mutual Insurance Company and Virginia Farm Bureau Insurance Agency, Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 8, 2021, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which provides an electronic copy to all counsel of record.

                                                /s/ Paul G. Klockenbrink
                                                           Counsel